OAKLAND COUNTY DEPARTMENT OF SOCIAL WELFARE
*v.* INGHAM COUNTY DEPARTMENT OF SOCIAL WELFARE.

PAUPERS—COUNTY OF SETTLEMENT—ADULT HOSPITALIZATION SERVICE
    —PERIODIC ITEMIZED STATEMENTS.
    County of settlement of poor person may not be held liable
    to county furnishing adult hospitalization service to such a
    person, where there was not compliance with statute pro-
    viding for submission of itemized expense statements either
    once in each 60 days or, as later amended, within 90 days
    from end of month in which such service was furnished (PA
    1925, No 146, ch 3, § 7, as amended by PA 1943, No 224, and
    PA 1947, No 167 [CL 1948, § 403.7]).

Appeal from Oakland; Des Jardins (George W.),
J., presiding. Submitted April 10, 1952. (Docket
No. 44, Calendar No. 45,313.) Decided May 16, 1952.
Rehearing denied June 27, 1952.

Action by Oakland County Department of Social
Welfare against Ingham County Department of So-
cial Welfare for amounts paid in supporting indi-
gent person. Judgment for defendant. Plaintiff
appeals. Affirmed.

*Harry J. Merritt,* Corporation Counsel, and
*Charles A. Davis,* Assistant Corporation Counsel,
for plaintiff.

*Paul C. Younger,* Prosecuting Attorney, for de-
fendant.

---

REFERENCES FOR POINTS IN HEADNOTES
Generally as to furnishing aid to poor persons, see 41 Am Jur,
Poor and Poor Laws § 35 *et seq.*

SHARPE, J.   This is an action to recover the sum of $5,149.50 with interest, for grants of relief and support furnished to Fannie Rhodes, a poor person, whose legal settlement is in Ingham county, Michigan. The record shows that on October 2, 1945, Mrs. Iva Spear, an employee of the Oakland county department of social welfare, sent to the Ingham county department of social welfare notice that Fannie Rhodes was admitted to the Oakland county infirmary on September 11, 1945. On October 8, 1945, the Ingham county department of social welfare advised the Oakland county department of social welfare that Fannie Rhodes had lived in Lansing during the years of 1938–1940. On November 5, 1945, the Oakland county department requested acknowledgment of legal settlement. Shortly after this letter was written the Fannie Rhodes file in the Oakland county department was mislaid until September 10, 1948, when Oakland county again wrote Ingham county requesting authority to transfer Fannie Rhodes to Ingham county. On September 13, 1948, Ingham county denied liability pending further information. On April 27, 1949, Ingham department acknowledged settlement in the following form:

"April 27, 1949
"Mr. George H. Burt, Director Oakland
    County Department of Social Welfare,
"1260 W. Boulevard,
"Pontiac, Michigan
                "Re: Rhodes, Fannie
"Dear Mr. Burt:
    "This letter will verify legal settlement on the above named woman, as being in Ingham county.
            "Yours very truly,
                "DARYL V. MINNIS, Director
                "By: BESSIE L. THOMPSON
                "(Mrs.) BESSIE L. THOMPSON
                "Non-Resident Service."

On May 31, 1949, the Oakland county department billed the Ingham county department for $5,149.50, for the care furnished Fannie Rhodes. On July 7, 1949, the Ingham department wrote the following letter:

"July 7, 1949

"Mr. George H. Burt, Director Oakland
   County Department of Social Welfare,
"1260 W. Boulevard Street
"Pontiac, Michigan
               "Re: Rhodes, Fannie
"*Dear Mr. Burt:*
   "We are returning your billing for aid given to the above named woman in your county.

   "Our first letter from your county on this case, was sent October 2, 1945, and this letter did not include a legal notice and we have never received an official notice on this case.

   "On November 8, 1945, we wrote the children regarding care for their mother. We never received a reply from them, or any word from your office, until September 10, 1948.

   "As we had not received enough information to verify residence in this county, and did not receive a reply from the children, we assumed that they had made their own arrangements with your county, regarding their mother's care.

   "If Mrs. Rhodes is still being cared for in your infirmary, will you please notify us at once and we will have her transferred to our county hospital.
               "Yours very truly,
               "Daryl V. Minnis, Director
               "By: Bessie L. Thompson
                  "(Mrs.) Bessie L. Thompson
                  "Non-Resident Service"

On June 1, 1950, the Oakland county department instituted the present action. Ingham county filed an answer to plaintiff's declarations, a part of which reads as follows:

"Defendant admits that on May 31, 1949, plaintiff forwarded to defendant an itemized statement of its charges for care of the said Fannie Rhodes as set forth in plaintiff's exhibit J but denies that said statement was forwarded in accordance with the provisions of CL 1948, § 403.7 (Stat Ann 1950 Rev § 16.193) in that it was not submitted within 90 days from the end of the month during which services were rendered nor was it submitted in accordance with the provisions of PA 1925, No 146, ch 3, § 7, as amended by PA 1943, No 224 (Stat Ann 1943 Cum Supp § 16.193), which was in force at the time of said hospitalization and which required that such statement should be submitted 'at least once each 60 days'."

The cause came on for trial and was submitted to the court on the pleadings filed therein. The trial court denied recovery, and held that the following letter is a letter of inquiry merely, and not signed by the authority required by statute:

"Oct. 2, 1945
"Ingham County Social Welfare Board
"Lansing, Michigan
                "Re:  Fannie Rhodes
*"Gentlemen:* .

"This is to notify you that Fannie Rhodes was admitted to the Oakland County Infirmary Hospital on September 11, 1945. She was in Benzie county when taken ill with pneumonia; and when she was able to return to Oakland county she returned to Royal Oak, and was in need of further hospital care. We have experienced considerable difficulty in verifying legal settlement, but according to information from Mr. Arthur W. Whidden of DeWitt, Michigan, this is an Ingham county case.

"Mrs. Rhodes lived at 610 Mt. Clemens Street, Lansing from October 1939 to Dec. 1940. Mrs. Libby Whidden was Mrs. Rhode's aunt, and she took care of her until her death on January 1940, and then stayed there to keep house for the 3 sons. Mrs.

Rhodes has had relief and hospital care, and has been all over since that time, never staying in one place any length of time.

"Mr. Whidden is now on a farm located 2 miles east of DeWitt.

"Will you contact Mr. Whidden, and secure information relative to Mrs. Rhodes legal settlement?

"Very truly yours,

"(Mrs.) Iva Spear"

The trial court also held that the duty to render statements as required by statute is mandatory, and failure to do so bars recovery.

Plaintiffs appeal and urge that Ingham county is estopped to deny the validity of the above letter, and that there was no duty to send itemized statements until there had been a determination of legal settlement. The record shows that Oakland county on May 31, 1949, sent Ingham county a statement, a copy of which reads as follows:

"Pontiac, Michigan
"May 31, 1949
"Department of Social Welfare Ingham County
"To: Oakland County Department of Social
    Welfare, Dr.
    "Adult Hospitalization Division
                        Invoice No. H 757
"For Public aid extended to Fannie Rhodes family.

"Having legal settlement in Ingham county, as follows:

| | |
|---|---:|
| "Oakland County Infirmary Hospital | |
| "8–1 –43 to 9–11–43   (41 days @ $2.75) | 112.75 |
| "By cash .............................. | 16.25 |
| "9–11–45 to 6–30–47 (675 days @ $4.00) | 2,628.00 |
| "7–1 –47 to 4–30–48 (305 " @ $5.00) | 1,525.00 |
| "5–1 –48 to 9–27–48 (150 " @ $6.00) | 900.00 |
| | $5,149.50 |

"Legal settlement acknowledged by you 5-6-49
"We offer our co-operation and solicit yours.

"I hereby certify that the above and foregoing is a true and correct copy of our Invoice No. H757 as forwarded by the Oakland Co. Dept. of Social Welfare to the Ingham Co. Dept. of Social Welfare on the date appearing thereon.

"AGNES W. COBB
"Secretary to Oakland County
Dept. of Social Welfare."

The law in effect in 1943, when Oakland county first granted relief to Fannie Rhodes, was PA 1943, No 224.* Under this act it was plaintiff's duty to submit to defendant an itemized statement once each 60 days for services rendered during the period for which the statement was presented. This section of the statute was amended by PA 1947, No 167 (CL 1948, § 403.7 [Stat Ann 1950 Rev § 16.193]) :

"Sec. 7. The department of social welfare of the county furnishing the care, relief, support, transportation and afflicted adult hospitalization of any poor persons at the expense of another county in this State, shall present to the department of social welfare of the county liable for such care, relief, support, transportation and afflicted adult hospitalization from time to time, as the case might be, a sworn, itemized statement of such expense, and such expense shall be allowed and paid by the department of social welfare of the county liable therefor, within 60 days after being presented, as aforesaid: Provided, That such itemized statement of expense shall not be a proper and collectible charge against the county which has been determined to be or has agreed to be liable therefor unless submitted within 90 days from the end of the month during which services were rendered and covering the entire services rendered during the period for which the statement was presented. The county presenting any such

---

* This act amended PA 1925, No 146, ch 3, §§ 6, 7.—REPORTER.

bill may institute an action at law, in the circuit court of such county, against the county neglecting or refusing to allow and pay such bill, when presented as hereinbefore provided, for the recovery of such expense with interest from the date of the presentation of the bill for the same. Such action may be commenced at any time after 90 days from the date of the presentation of the bill as aforesaid, and service of process in such cases may be made by any officer authorized by law to serve the processes of courts of like jurisdiction in any county in this State, and such service and return thereof in accordance with law shall give the court in which such action is commenced full jurisdiction to hear and determine such cause."

It is apparent that it was the legislative intent that prompt attention be given to the furnishing of statements of expense so that the county of settlement could know every 90 days its financial obligation to the county where the client is being cared for, and in its discretion return the client to the county of settlement for care if it so desires.

The failure of Oakland county department of social welfare to comply with the requirements of PA 1943, No 224, and PA 1947, No 167, prevents recovery. The judgment is affirmed, with costs to defendant.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.